IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD. & ROYALTY PHARMA COLLECTION TRUST,<br><br>    Plaintiffs,<br><br>  v.<br><br>APOTEX CORP. and APOTEX INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 13-1602 (SLR)<br>) CONSOLIDATED<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Royalty Pharma Collection Trust (collectively, "Plaintiffs") and Defendants Apotex Inc. and Apotex Corporation ("Apotex"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Apotex. Venue is proper in this Court as to Plaintiffs and Apotex.

2. In this Action, Plaintiffs have charged Apotex with infringement of U.S. Patent No. 6,602,911 ("the '911 Patent"), U.S. Patent No. 7,888,342 ("the '342 Patent"), and U.S. Patent No. 7,994,220 ("the '220 Patent") in connection with Apotex's submission of Abbreviated New Drug Application ("ANDA") No. 205362 directed to generic tablets containing 12.5 milligrams, 25 milligrams, 50 milligrams, or 100 milligrams of milnacipran hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. To date, Apotex has not rebutted the statutory presumption that the '911 Patent, the '342 Patent, and the '220 Patent are valid and enforceable in this Action. This admission is without prejudice to Apotex's defenses and counterclaims that the '911 Patent, the '342 Patent, and the '220 Patent are invalid, unenforceable and/or not infringed.

4. Apotex admits that the submission of ANDA No. 205362 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of generic tablets containing 12.5 milligrams, 25 milligrams, 50 milligrams, or 100 milligrams of milnacipran hydrochloride per tablet within the United States before the expiration of the '911 Patent, the '342 Patent, and the '220 Patent was a technical act of infringement of each of those patents under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice to Apotex's defenses and counterclaims that the '911 Patent, the '342 Patent, and the '220 Patent are invalid, unenforceable and/or that the product described by ANDA No. 205362 does not infringe those patents.

5. Both parties agree that all other claims and defenses set forth in their pleadings against each other, including the allegations and averments contained therein, should be dismissed, without prejudice.

**ORDER**

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Apotex, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 205362 was a technical act of infringement of the '911 Patent, the '342 Patent, and the '220 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court has been obtained by either party regarding the presumptive validity or enforceability

of the '911 Patent, the '342 Patent, and the '220 Patent and/or whether the product described by ANDA No. 205362 infringes those patents.

2. All other claims and defenses set forth in Plaintiffs' and Apotex's pleadings against each other, including the allegations and averments contained therein, are hereby dismissed, without prejudice.

3. Apotex, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic tablet products containing 12.5 milligrams, 25 milligrams, 50 milligrams, or 100 milligrams of milnacipran hydrochloride per tablet that are the subject of ANDA No. 205362 during the life of the '911 Patent, the '342 Patent, and the '220 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs.

4. Plaintiffs and Apotex each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Apotex for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Apotex.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

8. Nothing herein shall prohibit or restrict Apotex from maintaining its Paragraph IV certifications in its ANDA No. 205362 under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (as amended or supplemented).

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
|---|---|
| */s/ Maryellen Noreika* | */s/ Kenneth L. Dorsney* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com<br><br>*Attorneys for Plaintiffs* | Kenneth L. Dorsney (#3726)<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6855<br>kdorsney@morrisjames.com<br><br>*Attorney for Defendants Apotex Corp. and Apotex Inc.* |

SO ORDERED this _____ day of January, 2016

_____
HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE